IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROL A. PAPPAS,                )
                                )
                Plaintiff,      )
                                )
    v.                          )    No. 07 C 2646
                                )
FAMILY SERVICE AND COMMUNITY    )
MENTAL HEALTH CENTER FOR        )
McHENRY COUNTY,                 )
                                )
                Defendant.      )

MEMORANDUM OPINION AND ORDER

Family Service and Community Mental Health Center for McHenry County ("Family Service") has filed a Fed. R. Civ. P. ("Rule") 56 motion for summary judgment on the disability-based claim of employment discrimination filed against it by its ex-employee Carol Pappas ("Pappas"). In accordance with what is now its usual (though not invariable) practice when a defendant announces its intention to seek summary judgment, this Court has scheduled the filing of only the initial and responsive submissions by the parties, rather than automatically including a reply as part of a one-two-three motion schedule--after all, the nature of summary judgment practice is such that a plaintiff's identification of a genuine issue of material (that is, outcome-determinative) fact cannot be undone by a reply, just as the proverbial omelette cannot be stuffed back into the proverbial eggshell.

Here Pappas properly seeks to parallel her burden to that

recently summarized in Germano v. Int'l Profit Ass'n, Inc., 544 F.3d 798, 806 (7th Cir. 2008), citing earlier Seventh and Tenth Circuit cases:

> Under the familiar McDonnell Douglas paradigm, Germano must show (1) that he is disabled; (2) that he is qualified by education and experience and could perform the essential job functions with or without reasonable accommodation; (3) that he suffered an adverse employment action; and (4) that the circumstances surrounding the adverse action support the inference that his disability was a determining factor behind the adverse action.

To be more precise, in the summary judgment context a plaintiff need not "show" or "prove" anything at the motion stage--instead the obligation is, as Germano, id. put it, to "raise a triable issue on each element of the claim."

In those terms Pappas' Mem. 2-6 correctly argues that Family Service's characterization of her fibromyalgia combined with chronic fatigue and mental illness substantially limit her major life activities such as to render her "disabled" for purposes of the Americans with Disabilities Act. Pappas' Mem. 7-10 then goes on to identify facts that could lead a rational jury to find the second Germano-identified element satisfied ( in that respect, see also Mobley v. Allstate Ins. Co., 531 F.3d 539, 545 (7th Cir. 2008). Next, there is of course no question that the third element--an adverse employment action--has been supplied by Family Service's having terminated Pappas' employment. And finally, the "determining factor" requirement also poses a jury

2

question under the articulation approved in Germano, 544 F.3d at 806 (citation omitted):

> Although this court has sometimes described the last factor as requiring the plaintiff to show that discrimination is "more likely than not," we have spoken only of an "indication" that this is so, not a certainty. That is understandable, because if we required a certainty, then the difference between direct and indirect proof would be erased. We think it is less confusing to speak, as the Tenth Circuit does, of evidence supporting an "inference" that discrimination was "a determining factor."

In sum, Family Service has flunked in its Rule 56 attack on Pappas' claim. At the status hearing previously set for April 28, this Court anticipates discussing and scheduling the preparation and submission of a final pretrial order as a precondition to setting the case for trial.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2009