```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

CAROL A. PAPPAS,                    )
                                    )
                    Plaintiff,      )
                                    )
     v.                             )    No.  07 C 2646
                                    )
FAMILY SERVICE AND COMMUNITY        )
MENTAL HEALTH CENTER FOR            )
McHENRY COUNTY,                     )
                                    )
                    Defendant.      )
```

MEMORANDUM OPINION AND ORDER

Carol Pappas ("Pappas") initially brought this employment discrimination action against her ex-employer Family Service and Community Mental Health Center for McHenry County ("Family Service") pro se.  Although pro se litigants have no right to representation by appointed lawyers just because they cannot afford to retain counsel on their own, this Court's consistent practice is to appoint counsel where (1) an appropriate in forma pauperis application is made and (2) a complaint appears on its face to be nonfrivolous in the legal sense.  Typically everyone is better served by such an appointment:  the plaintiff obviously, the defendant because lawyer-to-lawyer communications are always more constructive in moving a case forward, and this Court for that and other reasons.

Accordingly this Court promptly appointed trial bar member Milo Lundblad ("Lundblad") to represent Pappas, and he has performed yeoman service on her behalf.  In the parties' dispute

Family Service claimed to have terminated Pappas for poor performance, while she asserted that her performance problems were attributable to fibromyalgia--that ailment formed the gravamen of her suit under the Americans With Disabilities Act ("ADA"). Fibromyalgia cases are difficult--for a long time the ailment was viewed with a jaundiced eye by many people (even by many doctors), in substantial part because the problem largely manifests itself without objective medical findings.[1]

After extensive discovery, Family Service filed a heavily documented Fed. R. Civ. P. ("Rule") 56 motion for summary judgment, challenging Pappas as assertedly not "disabled" under the definition established by the ADA and applicable caselaw. Lundblad responded on Pappas' behalf with a well-documented and well-argued showing that genuine issues of material fact precluded the entry of summary judgment, resulting in this Court's April 24, 2009 memorandum opinion and order that denied Family Service's Rule 56 motion.

This Court thereafter directed the parties to generate a jointly proposed final pretrial order ("FPTO") that would serve as the prelude to trial. As is required of every plaintiff's counsel, Lundblad took the laboring oar in generating that FPTO,

---

[1] Indeed, this Court essentially pioneered in this District some years ago when it upheld a disability claim based on fibromyalgia, crediting the testimony of a doctor who had studied the subject in detail and had advanced, in her professional opinion, what was then a controversial position.

2

and this Court entered that order on August 31, 2009 after conferring with counsel about its terms.

With the case thus ready for trial, Magistrate Judge Jeffrey Cole undertook to bring the litigants together for a settlement, an effort that ultimately proved successful. After this Court had been advised of the resolution through settlement and had set a February 12, 2010 status hearing for the anticipated dismissal, it learned that Pappas was balking at the payment of out-of-pocket expenses incurred by Lundblad and his firm on her behalf.

This Court will not mince words. Such resistance to the reimbursement of monies laid out by a lawyer who is not being paid for his successful resolution of a hotly disputed claim brings to mind King Lear's lament, adapted by substituting "client" for "child":[2]

> How sharper than a serpent's tooth it is
> To have a thankless client!

Lawyers' principal marketable commodity is their time--and when they have been compelled to donate that commodity to a litigant because that is the consequence of their trial bar membership, it would add insult to injury to force them to swallow out-of-pocket expenditures to boot.

Indeed, this District Court's rules governing the provision of pro bono services (services that once again are not a matter

---

[2] William Shakespeare, King Lear act 1, sc. 2, line 312.

of right but of grace) expressly permit <u>fees</u> to be charged where appropriate, as well as calling expressly for the reimbursement of <u>expenses</u>. Here are the relevant provisions from those rules, LR 83.40 and 83.41(c):

> **LR83.40. Expenses**
>
> The party shall bear the cost of any expenses of the litigation or appeal to the extent reasonably feasible in light of the party's financial condition. Such expenses shall include, but not be limited to discovery expenses, subpoena and witness fees, and transcript expenses. It shall be permissible for appointed counsel or the firm with which counsel is affiliated to advance part or all of the payment of any such expenses without requiring that the party remain ultimately liable for such expenses, except out of the proceeds of any recovery. However, the attorney or firm shall not be required to advance the payment of such expenses.
>
> \*       \*       \*
>
> **LR83.41. Attorney's Fees**
>
> \*       \*       \*
>
> (c) Allowance of Fees. Upon appropriate application by appointed counsel, the judge may award attorney's fees to appointed counsel for services rendered in the action as authorized by applicable statute, regulation, rule, or other provision of law, including case law.

This Court has had ample opportunity to observe and evaluate attorney Lundblad's services, both in the course of his successful resistance to Family Service's Rule 56 motion and in the FPTO and ensuing pretrial conference. In sum, he has rendered highly commendable services that would have justified a favorable view of an LR 83.41(c) application if he had filed one.

4

But attorney Lundblad has even more commendably not sought fees, no doubt to maximize the recovery on Pappas' part.

For the reasons stated here, Pappas is ordered to reimburse attorney Lundblad and his firm the sum of $4,485.22 as expenses advanced on her behalf. And although what follows in this sentence is not a formal court order, it is hoped that Pappas--now that she understands the operative groundrules--will render appropriate thanks (and perhaps even an apology) to her appointed counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date:   February 16, 2010